JAMES N. ELLIS, SR. *vs.* COMMISSIONER OF THE DEPARTMENT OF INDUSTRIAL ACCIDENTS. No. 03-P-457. June 11, 2004. *Workers' Compensation Act,* Exhaustion of administrative remedies, Attorney's fees. *Administrative Law,* Exhaustion of remedies.

The plaintiff, seeking to collect attorney's fees and other legal expenses on three workers' compensation cases, requested hearings before administrative judges of the Department of Industrial Accidents (DIA). The DIA, by form notice in each case, informed the plaintiff that "the appeal . . . on the . . . case filed on the referenced date will not be processed to schedule an impartial medical examiner due to failure to submit . . . the fee required to defray the cost of the medical examination." The DIA notice further stated: "You may petition the Commissioner [of the DIA] to enlarge the time to submit the fee, if the failure to make a timely submission of the fee is due to mistake, accident, or other reasonable cause."

---

In fact, the plaintiff's action in not submitting the three fees was not due to mistake or accident; rather, the plaintiff submitted no fees because the issues involved in each of the appeals were nonmedical issues, not requiring a medical examination.[1] The appeals were effectively dismissed, in that they were not processed or scheduled.[2]

After correspondence between the plaintiff and the DIA, the plaintiff filed his complaint for declaratory relief, mandamus, and an injunction directing the commissioner to schedule three separate hearings on the third-party claims for attorney's fees and other legal expenses. The Superior Court judge granted the DIA's motion to dismiss for failure to exhaust administrative remedies available within the DIA.[3] For this argument, the defendant relied in the trial court, as he does in this court, upon § 10A of the Workers' Compensation Act (the Act), G. L. c. 152, § 10A, and 452 Code Mass. Regs. § 1.11 (1997) and 452 Code Mass. Regs. § 1.15 (1993) as providing an adequate and available administrative remedy.

The Superior Court judgment dismissing the plaintiff's complaint must be reversed. Under the circumstances presented here, the DIA points to no statutory or regulatory provision providing an avenue for relief from an "administrative withdrawal" that is the functional equivalent of a claim's involuntary dismissal. The DIA's reliance on the last paragraph of § 10A(3) of the Act and on 452 Code Mass. Regs. §§ 1.11 and 1.15(7) as providing such avenues of relief is misplaced.

Section 10A(3) of the Act speaks directly to action or inaction by the parties to the dispute, not actions taken by the DIA. We observe that to whatever extent § 10A(3) allows a party to petition the commissioner for relief from that party's failure to pursue a timely appeal, such opportunity is not afforded to parties who have withdrawn their claims after a conference. The provision has no application where, as here, it is undisputed that the party's appeal was pursued and timely filed. See G. L. c. 152, § 10A(3); 452 Code Mass. Regs. § 1.11(1).

Although a party seeking waiver of the requisite appeal fee based on indigency may petition the commissioner for a waiver of the appeal fee, 452 Code Mass. Regs. § 1.11(1)(a), that situation is not presented by these cases, where the sole issue is that no fee was due because the cases involved nonmedical issues. 452 Code Mass. Regs. § 1.10(8) (1997). Lastly, 452 Code Mass. Regs. § 1.15(7) merely provides that the parties must notify the reviewing board when they have withdrawn an appeal in a case that is pending before that

[1] The form prescribed by the DIA for submission of an appeal (form 121) contains, in sections 2 and 3, check boxes. One check box is for cases involving medical issues (which require a fee), and one check box is for nonmedical issue cases (which do not require a fee). On each of the plaintiff's appeals, the nonmedical issue (no fee) box was checked.

[2] The DIA appears to take the position that the claims were "administratively withdrawn." But we construe the DIA action as a refusal to docket the appeal or the unilateral dismissal of the appeal, which was erroneous if the reason for the action was nonpayment of a fee that was not required.

[3] The judge adopted by reference the argument advanced in the second section of the defendant's memorandum in support of its motion to dismiss. That section contains the defendant's exhaustion argument.

tribunal; it provides no relief for a party whose claim is dismissed by the DIA while the parties are awaiting assignment to an administrative judge for a hearing after a timely appeal of the conference order has been filed.

Under this set of facts, our review of the Act and the regulations reveals no administrative remedy that may be exhausted where the DIA has effected a procedural dismissal of an appeal after conference by refusing to schedule a hearing. We observe that where such alternate avenues of relief exist, they are clearly defined by the Act or the regulations. See, e.g., G. L. c. 152, § 30H (allowing for appeal to the commissioner from a determination by the office of education and vocational rehabilitation regarding the feasibility and necessity of vocational rehabilitation); 452 Code Mass. Regs. § 1.09(1)(a-d) (1998) (allowing insurers to appeal to the commissioner of the DIA from the assessment of a referral fee following conciliation); 452 Code Mass. Regs. § 6.04 (1993) (providing utilization review appeal procedures for challenging adverse determinations regarding health care services); 452 Code Mass. Regs. § 7.04 (1994) (procedures to be followed in investigation of questionable claims handling techniques or patterns of unreasonably controverting claims). In the absence of an appropriate administrative remedy, the Superior Court erred in dismissing the plaintiff's claim on exhaustion principles. The judgment is reversed, and the case is remanded for further proceedings.

*So ordered.*

*John F. Trefethen, Jr.,* for the plaintiff.
*Maria Hickey Jacobson,* Assistant Attorney General, for the defendant.